IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KYM SEDGWICK, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiff*,<br>v.<br><br>CYNTHIA'S TOUCH SENIOR SERVICES INC. and CYNTHIA RATCLIFF, Individually<br><br>*Defendants*. | Civil Action No. 4:18-cv-1080<br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Kym Sedgwick ("Plaintiff"), individually and on behalf of all others similarly situated files this Original Complaint against Defendants Cynthia's Touch Senior Services Incorporated and Cynthia Ratcliff and in support states the following:

### I. SUMMARY

Plaintiff, and other Caregivers like her, were required to work in excess of 40 hours a week. Defendants attempted to circumvent the Fair Labor Standards Act's ("FLSA") protections by misclassifying Plaintiff and other Caregivers as "independent contractors" in order to deny them overtime wages. Instead of paying overtime for hours worked in excess of 40 hours a week, Defendants paid Plaintiff and her fellow Caregivers a flat hourly-rate and in a manner that failed to compensate them overtime wages for overtime worked. This collective action seeks to recover the unpaid overtime wages and liquidated damages owed to these misclassified Caregivers.

### II. PARTIES

1. Plaintiff Kym Sedgwick is an individual and her Consent to proceed in this action is attached as "Exhibit A."

2.      The Plaintiffs and "Class Members" are Defendants' current and former Caregivers who were misclassified as "independent contractors" and were paid a flat hourly rate that failed to compensate them properly for overtime hours.

3.      Defendant Cynthia's Touch Senior Service, Inc. is a Texas corporation and can be served with process via its registered agent, Cynthia Ratcliff, who may be served with process at 818 Stone Mountain, Conroe, TX 77302 or wherever she may be found.

4.      Defendant Cynthia Ratcliff is an individual who may be served with process at 818 Stone Mountain, Conroe, TX 77302 or wherever she may be found.

### III.     JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6.      Venue is proper in the Southern District of Texas because the events forming the basis of this suit occurred in this District and because Defendants reside in this District.

### IV.     COVERAGE FACTS

7.      At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

8.      At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.      At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendants are involved in home health services in Texas and have employed Caregivers in Texas. These Caregivers makeup the Proposed Putative Class. Defendants have an annual gross volume of sales made or business done of not less than $500,000.

13. Defendant Cynthia Ratcliff managed and controlled the day-to-day operations of Cynthia's Touch Senior Services Inc. during the relevant time period. Specifically, during the relevant time period, Cynthia Ratcliff (1) had the power to hire and fire Plaintiff and the Class Members, (2) controlled the amount and manner in which Plaintiff and the Class Members were paid, (3) regularly controlled and established company rules for the Plaintiff and the Class Members, and (4) represented themselves as "managers" of Defendants' operations.

14. Plaintiff worked as Caregiver for Defendants within the last two years. As a Caregiver, Plaintiff's and the Class Members' primary duty was to provide home health care to the elderly and sick. Defendants paid Plaintiff and other Caregivers a flat hourly-rate in a manner that failed to compensate them properly for overtime work. During the period covered by this lawsuit and previous three years, Plaintiff and other Caregivers were only paid their hourly rate (for example $10 per hour) for hours worked in excess of 40 hours.

15. Plaintiff and the Class Members routinely worked over 40 hours per week during the weeks covered by this lawsuit, but were not paid overtime for doing so. Defendants knew that Plaintiff and the Class Members worked in excess of 40 hours per week and they allowed and directed them to do so.

16. Defendants illegally classified Plaintiff and the Class Members as independent contractors. However, at all times, Plaintiff and the Class Members were Defendants' non-exempt employees as that term is defined by the FLSA and relevant case law. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all duties generally associated with that of an employer in regards to Plaintiff and the Class Members. In fact, Plaintiff was originally classified as an employee by the Defendants and was later incorrectly classified as an Independent Contractor. Moreover, Plaintiffs and the Class Members (1) performed work that was integral to Defendants' business; (2) had no ability to affect their opportunity for profit or loss; (3) did not make any investments in facilities or equipment; (4) were provided equipment by Defendants; and (5) had relatively permanent relationship with Defendants.

17. Because Plaintiff and the Class Members were employees under the law, they were entitled to receive overtime pay for all hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's overtime requirements and had previously classified Plaintiff as an hourly-paid, non-exempt employee prior to the period covered by this lawsuit. Defendants' decision to classify Plaintiff as an "independent contractor" was a knowing and willful attempt to circumvent their legal obligations under the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members were other Caregivers (or

some other name variation) whose primary duty was to provide home health care to the elderly and sick. Further, Plaintiff and Class Members have the same pay structure and all suffer from Defendants' misclassification of Caregivers as "independent contractors." Plaintiff and the Class members are all non-exempt for purposes of overtime pay under the FLSA. Plaintiff and the Class Members were all victims of Defendants' intentional misclassification of Caregivers as independent contractors.

19. Defendants violated the FLSA by failing to pay Plaintiff or the Class Members overtime wages for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiff and the Class Members were paid a flat hourly rate that failed to compensate them properly for overtime hours because they were not paid overtime compensation for any hours they worked in excess of 40 during any workweek. Defendants' failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Plaintiff's experience in regards to pay is typical of the experiences of the Class Members.

20. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment. All Class Members, irrespective of their particular job requirements, are entitled to compensation for overtime hours worked at the federally mandated overtime wage rate. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Class Members that supports Defendants' FLSA liability. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime with respect to Plaintiff and the Class Members.

## VIII. RELIEF SOUGHT

21. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants jointly and severally as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Forester*

**FORESTER HAYNIE PLLC**

**J. FORESTER**
SD Bar No. 2657413
Texas Bar No. 24087532
**D. MATTHEW HAYNIE**
Texas Bar No. 24087692
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is the Original Complaint and will be served on all Defendants along with the summons and in accordance with the Federal Rules of Civil Procedure.

/s/ *J. Forester*
**J. FORESTER**
